Cheshire,
No. 5272.

FRANK W. V. YOUNG, *Ex'r u/w*
*Franz W. Young*

*v.*

RUTH W. DUNTON *& a.*

Argued January 6, 1965.
Decided April 30, 1965.

*Fisher, Parsons, Moran & Temple* (*Mr. Harold D. Moran* orally), for the plaintiff.

*William D. Tribble* and *David J. KillKelley* (*Mr. Tribble* orally), for the defendants.

KENISON, C. J. This state has adopted the Uniform Estate Tax Apportionment Act, effective October 1, 1959. The act provides that the Federal estate tax shall be apportioned among all persons interested in the estate "unless the will otherwise provides." RSA 88-A:2 (supp); Laws 1959, *c.* 158. Inasmuch as the testator died May 29, 1959, the act by its terms has no application because RSA 88-A:12 provides that it "shall not apply to taxes due on account of the death of decedents dying prior to the effective date hereof." The Superior Court correctly decided that at the time of the testator's death the governing decision was *Amoskeag &c. Co.* v. *Dartmouth College*, 89 N. H. 471, which placed the burden of the Federal estate tax on the residue of the probate estate in the absence of a contrary testamentary instruction. Restatement (Second), Conflict of Laws, *s.* 306, *comment* g (Tent. draft No. 5, 1959); Orr, Some Practi-

cal Aspects of Preparing Wills, 6 N. H. B. J. 93, 95 (1964); 4 Powell on Real Property, s. 529 (1964 supp).

"Commentators constantly emphasize the importance and necessity of determining what funds should bear the burden of state and federal taxes and of clearly stating that determination in the will." *In re Whitelaw Estate*, 104 N. H. 307, 308. See 2 Casner, Estate Planning (3d *ed.* 1961) 1132-1139 and 1964 supplement; Leach and Logan, Future Interests and Estate Planning 990-991 (1961). Although this advice is frequently not followed, this jurisdiction has sought to carry out the testator's plan as to the incidence of Federal and State taxes even in the face of some ambiguity and opacity in the will. *Jansen* v. *Richardson*, 93 N. H. 122; *In re Barnhart Estate*, 102 N. H. 519; *In re Crozier Estate*, 105 N. H. 440, 442. In the present case, however, the clues are scant and the will gives little guidance. Unlike the cases cited, there is no mention of taxes, State or Federal. While the will provides that the legacies to the children are subject to the "payment of my just debts and funeral charges," the Federal estate tax is obviously not a funeral charge and under our decisions is not a debt of the testator. *In re Barnhart Estate, supra.* It follows that the will has not provided for an apportionment of taxes among the legatees and the burden falls on the residue. *Amoskeag &c. Co.* v. *Dartmouth College*, 89 N. H. 471. See *Munro* v. *Mullen*, 100 N. H. 128, 129.

The plaintiff executor contends that he can discharge his obligation with respect to the payment of the Federal estate tax and expenses of administration out of the residue by advancing the appraised value of the real estate. The appraised value of the real estate in the inventory may or may not represent its fair value. *Carlton's Petition*, 79 N. H. 48. In the present case it appears that the real estate was appraised for $3,500 but this value "was increased for Federal Estate Tax purposes." The crucial requirement is that the fair value of the real estate be credited toward the payment of expenses of administration and the Federal estate tax before paying any part thereof out of the personal estate specifically bequeathed. See *Fellows* v. *Normandin*, 96 N. H. 260. This may be accomplished by agreement of the parties, or by sale under license from the probate court or by any other proceeding to determine its fair value in which all interested are parties. See *Carlton's Petition, supra.*

The testator bequeathed to his four children in equal shares

"all *money* I have *on deposit* at the time of my death in banks, and any *other money I may* then *possess,* together with *all my stocks and bonds.*" In treating these bequests as specific legacies the Court followed *Duncan* v. *Bigelow,* 96 N. H. 216, 220. In that case a bequest of "all my stocks, bonds, cash, bank deposits, notes and evidence of indebtedness or securities" was held to be a specific legacy. See *Munro* v. *Mullen,* 100 N. H. 128, 129. Although conflicting rules prevail elsewhere, in this jurisdiction we have generally treated stock legacies as specific unless there is a testamentary expression indicating a general bequest. *Duncan* v. *Bigelow, supra;* Paulus, Special and General Legacies of Securities — Whither Testator's Intent, 43 Iowa L. Rev. 467, 518 (1958). There was no error in the ruling below that the specific legatees were entitled to interest on all money from one year after the testator's death and to all dividends on all stock and all interest on bonds from the date of the testator's death. *Kinghorn* v. *Athorne,* 102 N. H. 293; *Dennison* v. *Lilley,* 83 N. H. 422; *Jewell* v. *Appolonio,* 75 N. H. 317.

*Plaintiff's exceptions*
*overruled; remanded.*

All concurred.